THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RAY BUTTERFIELD,<br><br>Plaintiff,<br><br>v.<br><br>UTAH DEP'T OF CORR. MED. et al.,<br><br>Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:23-cv-00113 DBB<br><br>District Judge David Barlow |

Plaintiff, Ray Butterfield, filed a civil-rights complaint under 42 U.S.C.S. § 1983 (2023). (ECF No. 8.) On February 16, 2023, Plaintiff's motion to proceed without prepaying the court filing fee was granted. (ECF Nos. 1, 7.) Based on the statutory formula, 28 U.S.C.S. § 1915(b)(1) (2023), the Court ordered Plaintiff to pay an initial partial filing fee of $1.80, stating, "If this initial partial filing fee (IPFF) is not paid within thirty days, or if Plaintiff has not shown Plaintiff has no way to pay it, the complaint will be dismissed." (ECF No. 7.)

On April 27, 2023, Plaintiff was additionally ordered to within thirty days cure his deficient complaint by filing an adequate amended complaint. (ECF No. 13.) In that Order, Plaintiff was given guidance on how to properly state causes of action. (*Id.*) Then, on April 28, 2023, because Plaintiff did not support his motion with documentation, Plaintiff's motion for waiver of his IPFF was denied and Plaintiff was ordered to within thirty days file his IPFF. (ECF No. 14.) Instead of responding to these Orders substantively, Plaintiff filed second and third motions for appointed counsel. (ECF Nos. 15, 16.) On July 13, 2023, Plaintiff's motions for appointed counsel were denied and Plaintiff was given "a **FINAL** thirty days in which to **SHOW**

**CAUSE** why this action should not be dismissed for failure to file the amended complaint and initial partial filing fee required by the Court." (ECF No. 17, at 4 (bolding in original).)

Plaintiff has since filed four letters that do not at all address his failure to pay his IPFF. (ECF Nos. 18-21.) But apparently in an attempt to excuse his failure to file the required amended complaint, one of Plaintiff's letters asserts that Utah Department of Corrections (UDOC) officials are not providing (a) the legal access to which Plaintiff is constitutionally entitled, and (b) mental-health records that Plaintiff apparently believes would allow him to show an incompetence to proceed without an attorney. (ECF No. 19.)

The former argument seems to involve new civil-rights claims against other potential UDOC defendants. To pursue such claims, Plaintiff must do so in a new federal action.

The latter argument ignores the Court's last Order. Having considered all relevant factors, including "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present claims," *Hill*, 393 F.3d at 1115, this Court concluded that Plaintiff had not met "'his burden of showing that his case is one of the extreme cases where lack of counsel will result in fundamental unfairness.'" (ECF No. 17, at 3 (quoting *Jordanoff v. Troxel*, No. CIV-20-403-R, 2020 U.S. Dist. LEXIS 153158, at *4 (W.D. Okla. Aug. 24, 2020) (involving prisoner-plaintiff asking for appointed counsel based on "mental health status," among other things)).) Still, this Court had also reassured Plaintiff in the past that "if, after the case is screened, it appears that counsel may be needed or of specific help, the Court may ask an attorney to appear *pro bono* on Plaintiff's behalf." (ECF No. 7, at 3.) The Court asked Plaintiff to just make the effort to file an amended complaint trying to incorporate its guidance; nonetheless, Plaintiff has rejected this request for nearly six months. Meanwhile,

2

Plaintiff's letters actually confirm Plaintiff's ability to form arguments and advocate for himself. (ECF Nos. 18-21.)

Aside from Plaintiff's failure to file the required amended complaint, Plaintiff still has never paid his IPFF in the eight months since the IPFF was ordered. (ECF No. 7.) This alone is a sufficient basis upon which to dismiss this action.

**IT IS ORDERED** as follows:

**(1)** For failure to follow the Court's many orders to file his initial partial filing fee and an amended complaint, (ECF Nos. 7, 13, 14, 17), Plaintiff's action is **DISMISSED** without prejudice. *See* DUCivR 41-2.

**(2)** The Clerk's Office shall send Plaintiff a packet of information on filing *pro se* actions, together with two blank federal civil-rights complaints, which may be completed and filed only in new cases, if Plaintiff wishes to (a) try to raise the issues in this case correctly, or (b) bring any legal-access claims based on his allegations in his letter. (ECF No. 19.)

**(3)** This action is **CLOSED**.

DATED this 20th day of October, 2023.

BY THE COURT:

DAVID BARLOW
United States District Judge